JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

AARON D. WEGNER (CABN 243809)
Assistant United States Attorney

    450 Golden Gate Avenue
    San Francisco, California
    Telephone:  (415) 436-6831
    Facsimile: (415) 436-6982
    E-Mail: aaron.wegner@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:10-mj-70361 (BZ) |
| Plaintiff, | ) | |
| | ) | [~~PROPOSED~~] ORDER OF DETENTION |
| v. | ) | |
| ANDY WONG, | ) | |
| Defendant. | ) | |

**I.    INTRODUCTION**

      A detention hearing in the above-captioned case for defendant Andy Wong was conducted on May 7, 2010. The Court has carefully considered the proffers of the government and the defendant's counsel and the Pretrial Services Report ("PSR"). The Court finds by a preponderance of the evidence that the defendant poses a risk of flight. For the reasons set forth below, the Court concludes that there are no conditions, or combinations of conditions which could be fashioned in order to assure the appearance of the defendant for trial if he is released. Therefore, for the reasons set forth herein, the Court orders that the defendant be detained.

///

///

Detention Order                1

## II. FACTORS TO CONSIDER UNDER 18 U.S.C. § 3142

### 1. Charges and Rebuttable Presumption

On April 29, 2010, the defendant was charged by a criminal Complaint with conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. The conspiracy charge carries a maximum sentence of life in prison. Therefore, there is a rebuttable presumption that the defendant is both a flight risk and a danger. *See* 18 U.S.C. §3142(e).

### 2. Risk of Flight

According to the PSR and proffers by the Government, the defendant has significant connections to China. The defendant traveled to China as recently as 2009 and his wife currently lives in China. It is also important to note that the defendant has been unemployed since 2008 and does not have any of source of income. The defendant's criminal record also contains several prior failure to appear notices. Despite these significant factors weighing in favor of a finding that the defendant is a risk of flight, he has not presented the Court with any viable sureties willing to sign on bond on his behalf.

## III. LEGAL AUTHORITY TO DETAIN THE DEFENDANT

Under the Bail Reform Act, an authorized judicial officer may order the detention or release of a defendant pending trial. A rebuttable presumption of both dangerousness and risk of flight exists when the defendant is charged with a drug felony that carries a maximum term of imprisonment of ten years or more. 18 U.S.C. §3142 (e). Once the defendant produces some evidence to rebut the presumption, the presumption has been rebutted. *United States v. Cook*, 880 F. 2d 1158, 1162 (10th Cir. 1989). However, the presumption does not disappear, but rather remains as a factor for consideration in the Court's determination. *Id*.

The judicial officer may detain a defendant if the Government proves by a preponderance of the evidence that the defendant poses a risk of flight. *United States v. Motamedi*, 767 F. 2d 1403, 1407 (9th Cir. 1985), *United States v. Gebro*, 948 F. 2d 1118, 1121 (9th Cir. 1991). The preponderance of evidence shows a risk of flight where, among other factors, the weight of the evidence is enough to alert the defendants to a "reasonable possibility of conviction." *United States v. Townsend*, 897 F. 2d 989, 993-94 (9th Cir. 1990). A defendant's financial condition

and the length of sentence he or she faces are of particular importance in assessing the risk of flight.

The judicial officer may also detain a defendant where the Government shows by clear and convincing evidence that no release condition will reasonably assure the safety of the community. Specifically, detention may be ordered where the court finds no condition or combination of conditions could prevent the defendant's continued or future criminal activity. *United States v. Salerno*, 481 U.S. 739 (1987).

In assessing danger, physical violence is not the only form of danger contemplated by the statute. Danger to the community can be in the form of continued narcotics activity or even encompass pecuniary or economic harm. *United States v. Reynolds*, 956 F.2d 192 (9th Cir. 1992). Propensity to commit crime generally may constitute a sufficient risk of danger to come within the act. *See United States v. Karmann*, 471 F. Supp. 1021, 1022 (C.D. Cal 1979).

In short, the Government bears the burden of proving by a preponderance of the evidence that the defendant poses a flight risk, or by clear and convincing evidence that the defendant poses a danger to the community. *United States v. Gebro*, 948 F. 2d 1118, 1120 (9th Cir. 1991); *United States v. Motamedi*, 767 F. 23d 1403, 1405 (9th Cir. 1985).

**IV.   CONCLUSION**

For the reasons detailed above, the Court finds that the defendant has not overcome the rebuttable presumption that he is a flight risk. *See* 18 U.S.C. §3142(e). Therefore, the Court finds that no conditions or combination of conditions or release it could fashion would assure the defendant's appearance for trial if he was released. Therefore, the Court ORDERS that the defendant be detained.

May 11, 2010

_____
HON. JC
UNITED                    E JUDGE

*Judge Joseph C. Spero*

Detention Order                         3